ACCEPTED
01-14-01010-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/29/2015 2:50:56 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-01010-CR

In the
Court of Appeals
For the
First Judicial District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/29/2015 2:50:56 PM

CHRISTOPHER A. PRINE
Clerk

———————◆———————

### No. 1420051
In the 337th District Court of
Harris County, Texas

———————◆———————

## MARCUS D. JACKSON
*Appellant*
v.
## THE STATE OF TEXAS
*Appellee*

———————◆———————

STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**CARLY DESSAUER**
Assistant District Attorney

**JOSEPH SANCHEZ**
Assistant District Attorney

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
Fax No.: 713/755-5809

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 9.4(g) and Texas Rule of Appellate Procedure P. 39.1, the State does not requests oral argument.

## IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Carly Dessauer** — Assistant District Attorney on appeal

**Joseph Sanchez** — Assistant District Attorney at trial

**Lauren Bard** — Assistant District Attorney at trial

**Erik Locascio** — Assistant District Attorney at trial

Appellant or criminal defendant:

**Marcus D. Jackson** — pro se at trial

Counsel for Appellant:

**Kyle B. Johnson** — Attorney on appeal

**Alex G. Azzo** — Standby attorney at trial

Trial Judge:

**Hon. Renee Magee**

**Hon. Jay W. Burnett**

**Hon. Lee Duggan**

**Hon. Leslie Brock Yates**

**Hon. A. Reagan Clark**

**Hon. Mike Wilkinson**

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................................... ii

IDENTIFICATION OF THE PARTIES ......................................................... ii

TABLE OF AUTHORITIES ................................................................ iv

STATEMENT OF THE CASE .............................................................. 1

STATEMENT OF FACTS ................................................................ 1

SUMMARY OF THE ARGUMENT ........................................................ 3

REPLY TO APPELLANT'S POINT OF ERROR ........................................ 3

I.  The evidence presented at trial is sufficient to prove beyond a reasonable doubt that the amount of PCP that appellant possessed weighed more than one gram. ...................................................................... 3

CONCLUSION ......................................................................... 9

CERTIFICATE OF COMPLIANCE ...................................................... 10

CERTIFICATE OF SERVICE ........................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Brooks v. State*,
    323 S.W.3d 893 (Tex. Crim. App. 2010) ........................................................ 4

*Clayton v. State*,
    235 S.W.3d 772 (Tex. Crim. App. 2007) ..................................................... 4, 6

*Gear v. State*,
    340 S.W.3d 743 (Tex. Crim. App. 2011) ..................................................... 4, 6

*Isassi v. State*,
    330 S.W.3d 633 (Tex. Crim. App. 2010) ........................................................ 4

*Jackson v. Virginia*,
    443 U.S. 307 (1979) ................................................................................... 4, 6

**STATUTES**

TEX. HEALTH & SAFETY CODE ANN. §481.102(8) (West 2009) ..................................... 5

TEX. HEALTH & SAFETY CODE ANN. §481.115(a),(c) (West 2009) ................................ 5

**RULES**

Tex. R. App. P. 9.4(g) ....................................................................................... ii

Tex. R. App. P. 9.4(i) ...................................................................................... 10

Tex. R. App. P. 38.2(a)(1)(A) ............................................................................ ii

Tex. R. App. P. 39.1 ......................................................................................... ii

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with possession of a controlled substance, namely phencyclidine or PCP, weighing more than one gram and less than four grams (CR at 13; 6 RR at 167). He entered a plea of not guilty, and a jury trial was held to determine guilt (CR at 88, 109; 6 RR at 12). The jury found appellant guilty (CR at 107, 109-10; 6 RR at 235). The trial court sentenced him to thirty-five years confinement in the Texas Department of Criminal Justice (CR at 109-10; 7 RR at 61). The court certified appellant's right to appeal, and appellant filed a timely notice of appeal (CR at 108, 112-13).

## STATEMENT OF FACTS

On March 4, 2014, two officers, Jeffrey Sneed and Diego Morelli, were working an extra security job at an apartment complex (6 RR at 24, 26, 101). The complex was known for narcotics activity, particularly PCP, so the officers were suspicious when they saw appellant enter the complex through a pedestrian gate, walk across the parking lot, met an unidentified man at a place where narcotics transactions usually occurred, and immediately turn to leave (6 RR at 26, 27, 28, 29, 30, 31, 32, 47, 107, 111, 113, 116, 117). They suspected that a hand-to-hand narcotics transaction had just occurred, so they approached appellant while he was attempting to leave the complex (6 RR at 31, 32, 118, 119). Immediately the officers smelled the strong odor of PCP surrounding appellant, so they stopped him (6 RR at 32-34, 47, 68, 119, 120).

1

After confirming that appellant did not live at the apartment complex, Officer Sneed asked appellant if he was "holding a PCP stick" (6 RR at 34, 35, 68, 119). Appellant said yes and held out his right hand to reveal a cigarette that had been dipped in PCP (6 RR at 33, 35, 48, 68, 96, 119, 120, 121). When the officers went to arrest appellant, they found another PCP stick in appellant's other hand (6 RR at 35, 121). Appellant explained to Officer Sneed: "I've had rough times at the house. I was just trying to smoke them away" (6 RR at 36).

The combined weight of both cigarettes was 1.93 grams, and both tested positive for PCP (6 RR at 166, 167, 168). Chemist M. Kane, who tested the evidence, noted that both cigarettes were discolored, which in her experience was a visible indicator that they probably contained PCP (6 RR at 168, 171, 180-81; 8 RR at 5). On cross-examination, Kane agreed that cigarettes would absorb any liquid they touched (6 RR at 172). She also agreed that when PCP is a liquid, it can contaminate substances it touches but stated that she did not know if it was possible for the plastic baggie holding the PCP sticks to be contaminated without testing (6 RR at 180). When asked again if PCP would contaminate anything it touches, Kane only testified that it was possible (6 RR at 183).

## SUMMARY OF THE ARGUMENT

The evidence presented at trial is sufficient to prove beyond a reasonable doubt that appellant possessed over one gram of PCP at the time of his arrest. As both officers identified the cigarettes in appellant's hands as PCP sticks, as appellant admitted to possessing PCP, as the chemist's testified that in her experience, discolored cigarettes contain PCP most of the time, and as the record was not developed regarding how likely it could be for one PCP stick to contaminate an unadulterated cigarette, the jury's verdict is rational and supported by the evidence.

## REPLY TO APPELLANT'S POINT OF ERROR

**I. The evidence presented at trial is sufficient to prove beyond a reasonable doubt that the amount of PCP that appellant possessed weighed more than one gram.**

In his sole point of error, appellant argues that the evidence is insufficient to support the jury's finding that appellant possessed more than one gram of PCP at the time of his arrest. Appellant relies on a theory of contamination to contend that no rational jury could have found the weight necessary to support appellant's conviction because both PCP sticks in his possession were kept in the same plastic baggie. However, in making this argument, appellant overlooks evidence in the record that supports the jury's finding that appellant possessed over one gram of PCP and overlooks the dearth of evidence regarding the possibility of PCP contamination in the record. Because the evidence that appellant possessed two PCP sticks at the time

3

of his arrest rationally supports the jury's determination of the weight of the controlled substance, appellant's point of error should be overruled.

## *Standard of Review*

Appellate courts review a challenge to the sufficiency of the evidence under the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 318-20 (1979). *See Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010). Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all record evidence in the light most favorable to the verdict, no rational jury could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 317-19; *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). Reviewing courts consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence to determine whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). As such, the reviewing court defers to the jury to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from "basic facts to ultimate facts." *Jackson*, 443 U.S. at 318; *Clayton*, 235 S.W.3d at 778.

## Applicable Law

A person commits an offense if he intentionally or knowingly possesses PCP. TEX. HEALTH & SAFETY CODE ANN. §481.102(8) (West 2009); TEX. HEALTH & SAFETY CODE ANN. §481.115(a),(c) (West 2009).

## Analysis

Despite appellant's contention that the evidence presented at trial was insufficient to show that he possessed more than one gram of PCP, any rational jury would have found that appellant had two PCP sticks in his hands when arrested.

While appellant relies on a contamination theory to attack the sufficiency of the evidence, he ignores that the record before the jury was under developed in this aspect. Indeed, the only evidence appellant can point to for his theory of contamination is Kane's agreement to appellant's question that "PCP, it sucks in, it's a fluid, it sucks in, it takes up everything, filters, everything, whatever it touches" (6 RR at 180). However, Kane only acknowledged in her testimony that it was possible that PCP could contaminate things by touch without providing any opinion as to how probable the likelihood of contamination would be when asked by appellant (6 RR at 183). When questioning Kane at trial, appellant did not ask her specifically whether one PCP stick could contaminate a cigarette unadulterated with PCP by spending 49 days in the same bag—the central claim he raises in his brief; instead, appellant merely asked if PCP contaminated the plastic baggie holding the evidence (6 RR at 180). Thus, the record presents no evidence that could undermine the jury's verdict based

5

on the theory that appellant makes on appeal because the evidence did not provide any indication of the likelihood of possible touch contamination.

The record simply does not contain enough information on the possibility of touch contamination to render the evidence insufficient. While appellant tries to buttress his theory of contamination by proposing that the jury could have made inferences about the probability of contamination based on the strong odor of the PCP, no rational jury could leap from the fact that PCP smells strongly to the conclusion that the PCP in one cigarette would spread to the other cigarette if it did not already contain PCP. Especially when considering the other evidence in the record that supports the jury's finding regarding the weight of the PCP in appellant's possession, the evidence is sufficient beyond a reasonable doubt. See *Jackson*, 443 U.S. at 317-19; *Gear v. State*, 340 S.W.3d at 746.

First, the evidence is sufficient because the officers presented evidence that both cigarettes found in appellant's possession contained PCP. Officer Sneed testified that he identified both cigarettes held in appellant's hands as PCP sticks at the time of arrest (6 RR at 35). Similarly, the jury could infer that Officer Morelli also identified the cigarettes as PCP sticks because he labeled the evidence bag as such (6 RR at 102-4, 181-81; State's Ex. 1). *See Clayton*, 235 S.W.3d at 778 (noting that reasonable inferences can be made from the evidence presented at trial). Adding to these identifications from the time of appellant's arrest, the manner in which the cigarettes appeared and the manner in which appellant carried them also supports the

6

jury's verdict. Morelli noted that both cigarettes were the same brand, and Sneed testified that appellant clasped both cigarettes in his hands (6 RR at 35, 105). Both officers testified that they suspected that appellant engaged in a hand-to-hand narcotics transaction with the unidentified man in the complex andsoon after discovered the PCP stick in his hands (6 RR at 31, 32, 118, 119). From this evidence, the jury could reasonably infer that appellant obtained both cigarettes from the same source and that both contained PCP. Given that both cigarettes were identified by the officers as PCP sticks when appellant was arrested, that they were the same brand, and that appellant held both in his hands after the hand-to-hand transaction, the evidence rationally supports the jury's determination that both contained PCP.

Second, the evidence is sufficient to prove that both cigarettes contained PCP at the time of appellant's arrest because Kane testifies that she anticipated that the cigarettes would contain PCP based on their appearance. Kane noted that both cigarettes were discolored in her testimony and in her report (6 RR at 168, 180-81; 8 RR at 5). She informed the jury that from her experience of testing similar evidence, she has recognized that when she tests discolored cigarettes "most of the time it's PCP" (6 RR at 168, 180-81; 8 RR at 5). Kane testified that when she is presented with a discolored cigarette "I still do the testing before I can tell exactly what's present, because I have had [*sic*] cigarette before where there was nothing in there even though it was discolored," but "most of the time when I get this color of manufactured cigarette, it comes back with positive for PCP" (6 RR at 171, 181). Combined with

7

Officer Morelli's testimony that both cigarettes were in substantially the same condition at trial as they were when he took custody of them, Kane's testimony that both cigarettes were the same color as cigarettes that had tested positive for PCP in her experience strongly supports the jury's finding that both cigarettes contained PCP when Morelli bagged them as evidence (6 RR at 105). As such, the evidence is sufficient to support the jury's determination.

Finally, the evidence is sufficient because appellant admitted that he possessed PCP when he encountered the officers. Appellant, when asked by Officer Sneed whether he was holding "a PCP stick," answered that he was and showed the officer the cigarette that he had in his right hand (6 RR at 35, 48, 68, 119, 120, 121). Mentioned above, appellant had a second cigarette of the same brand in his left hand (6 RR at 35, 105, 121). Appellant also admitted that he knew PCP was bad for him to smoke but needed it to help him cope with his troubles at home (6 RR at 35-36). Given this admission by appellant at the time of his arrest that he possessed PCP and held two cigarettes in his hands immediately after engaging in what appeared to be a hand-to-hand transaction to the officers, the jury's verdict is rational and supported by the evidence.

In light of this evidence that both cigarettes were identified as PCP sticks at the time of appellant's arrest, that the chemist's experience led her to anticipate that both cigarettes would contain PCP based on their shade of discoloration, and that appellant admitted to possessing PCP to the officers, appellant's theory of contamination does

not render the jury's determination of the weight of the PCP in his possession irrational.  Any rational jury could not reasonably conclude based on the evidence presented in the record that one PCP stick contaminated an unadulterated cigarette while waiting testing.  As such, the evidence sufficiently supports the jury's rational determination that appellant possessed over one gram of PCP.  Thus, this Court should overrule appellant's point of error.

## CONCLUSION

The State of Texas respectfully urges the Court to overrule appellant's point of error and affirm his conviction.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ *Carly Dessauer*
_____
**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083
dessauer_carly@dao.hctx.net
curry_alan@dao.hctx.net

9

## CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 2,058 words, based upon the representation provided by the word processing program that was used to create the document. Tex. R. App. P. 9.4(i).

/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083

10

## CERTIFICATE OF SERVICE

The State will serve a copy of the foregoing instrument to appellant's attorney

though TexFile:

Kyle B. Johnson
Attorney at Law
The Kiam Building
929 Preston, Suite 200
Houston, Texas 77002
kbjohnsonlaw@sbcglobal.net


/s/ *Carly Dessauer*

**CARLY DESSAUER**
Assistant District Attorney
Harris County, Texas
 1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24069083


Date:  July 29, 2015